PEOPLE v. NEW YORK CITY CENT. UNDERGROUND RY. CO. et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. CORPORATIONS—DISSOLUTION—PARTIES.
   A complaint against two corporations, the second of which claimed to have acquired its rights from the first, alleged that the first corporation had ceased to exist before the commencement of the action, and that it could not have transferred any rights to the second corporation, because, before such transfer, it had ceased to exist, through failure to comply with legal requirements; and judgment was demanded, dissolving the second corporation,—no judgment against the first being asked. *Held* that, though perhaps the first corporation was not a necessary party to the action, it was nevertheless a proper party, in order that it might be judicially determined that it had died prior to the alleged transfer of its rights.

2. SAME—PLEADING.
   Code Civil Proc. § 1785, authorizes an action to dissolve a corporation, and to forfeit its corporate rights and franchises, where it has suspended its ordinary or lawful business for at least one year. *Held*, that a complaint is sufficient which alleges that defendant underground railway corporation has never assumed the performance of what it claimed to be its lawful business; that it has constructed no part of its tunnel or railway, nor commenced such construction; and that no legal proceedings for the condemnation of the right of way have ever been taken.

3. SAME—TRANSACTION OF BUSINESS.
   The commencement of mandamus proceedings to compel the commissioner of public works to grant his permit to remove the pavements, that defendant might construct a tunnel and railway not authorized by the charter of the corporation of which it claims to be the successor, is not the kind of business contemplated by the statute.

Appeal from special term, New York county.

Action by the people of the State of New York against the New York City Central Underground Railway Company and others for a judgment dissolving defendant corporation. From an interlocutory judgment sustaining defendants' demurrers to the complaint, the people appeal. Reversed.

For former reports, see 15 N. Y. Supp. 225, 245.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Simon W. Rosendale, Atty. Gen., (Theo. Connoly, of counsel,) for the People.

E. W. Page, for respondents.

VAN BRUNT, P. J.  There are two demurrers in this case,—one by the New York City Central Underground Railway Company, and the other by the New York Underground Railway Company,—each upon the ground that the complaint does not state facts sufficient to constitute a cause of action; and that causes of action have been improperly united in said complaint. It is urged that the demurrer of the New York City Central Underground Railway Company is well taken, because no judg-

ment is asked against this defendant, and because it is alleged in the complaint that said corporation, before the commencement of this action, had ceased to exist. It is to be observed that the rights, if any, which the New York Underground Railroad Company possesses, are claimed to have been acquired from and through the New York City Central Underground Railroad Company; and it is alleged in the complaint that no such right could pass, because the New York City Central Underground Railroad Company had then ceased to exist, because of failure to comply with legal requirements. Under these circumstances, although, perhaps, the New York City Central Underground Railroad Company was not a necessary party to this action, it clearly was a proper party, in order that it might be judicially determined that it had died prior to the alleged transfer of its rights, which question would not then, thereafter, be left open to future debate or discussion.

As to the demurrer of the New York Underground Railroad Company, another question is presented, and that is as to the sufficiency of the allegations contained in the complaint. It is conceded that the right of action, if any, is derived from the third subdivision of section 1785 of the Code, which authorizes an action to procure a judgment dissolving a corporation created by and under the laws of this state, and forfeiting its corporate rights, privileges, and franchises where it has suspended its ordinary or lawful business for at least one year. The allegations of the complaint are that the New York Underground Railroad Company has never assumed the performance of what it claimed to be its lawful business; that it has constructed no part or portion of said tunnel or railway, (referring to a supposed right of said defendant,) and has not commenced the construction of the same: and no legal proceedings for the condemnation of the right of way, referring in any way to the said defendant, have been taken or have ever been pending. This allegation, it is claimed, is insufficient to bring it within the provisions of the subdivision of the Code referred to; and that it is not an allegation that it suspended its ordinary business, and that, therefore, the allegation was not sufficient.

We think this criticism of the allegation cannot prevail. If this company suspended its lawful or ordinary business for at least one year, it was liable to an action to declare forfeited its rights, privileges, and franchises; and when it is alleged in the complaint that the defendant has never assumed the performance of what it claims to be its lawful business, and designated things as not done which in other parts of the complaint are shown to be things which the corporation claimed to be incorporated to do, it seems to us that the only construction to be put upon the allegation is that the defendant has failed to exercise its corporate franchises and privileges. It certainly is not to be presumed that this company has been exercising privileges which it admits to have been illegal and unlawful; and there is no presumption that it has conducted any business whatever, in view of the broad nature of the allegation contained in the complaint. It is true that there is an allegation in the complaint that the defendant the New York Underground Railroad Company has commenced proceedings in the superior court for a writ of mandamus to compel the commissioner of public works to grant his permit

to remove the pavements, in order that it might proceed to construct a tunnel and railway not authorized by the amended charter of the New York City Central Underground Railroad Company, of which it claims to be the successor. If the demand to compel a license to do any unauthorized act is the pursuit of the lawful business of the corporation, then, perhaps, after a long period of years, this corporation has attempted to do some business. But we hardly think that business of this character is that which is contemplated by the provisions of the statute. Upon the whole case, therefore, we are of opinion that the demurrers should have been overruled, and the judgment should be reversed, with leave to defendants to answer upon payment of the costs of the court below and of this appeal. All concur.